**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 10-437 |
| | : | |
| **TING MAN LUI** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                    **January 22, 2021**

      We must enforce knowing and voluntary waivers of challenges to a final sentence confirmed in a lengthy colloquy during a plea hearing. Our Court of Appeals directs us to carefully analyze requests years later to avoid the waiver. Even if the waiver did not apply, we would need to find early termination of supervised release is otherwise warranted by factors set by Congress. We today address a formerly incarcerated man now approaching the last eighteen months of his six-year term of supervised release. We must deny his request for early termination of supervised release given his knowing and voluntary waiver and no extraordinary circumstances allowing us to depart from his agreement. Even if we could disregard the waiver, we find no basis for early termination today. We applaud the man's rehabilitation and present service to our community along with his family. But we must honor the sentence imposed by the trial judge under the present adduced facts.

**I.    Background**

      Ting Man Lui sold cocaine to a confidential informant while on supervised release for a federal drug trafficking offense.[1] The police searched Mr. Lui's vehicle after his arrest and found more cocaine.[2] Mr. Lui pled guilty to two drug trafficking charges for this conduct: (1) distribution

of around fourteen grams of cocaine and (2) possession of around sixty-two grams of cocaine with intent to distribute.[3] Mr. Lui signed his plea agreement confirming:

> In exchange for the undertakings made by the government in entering this plea agreement, [Mr. Lui] voluntarily and expressly waives all rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.[4]

Two lines above Mr. Lui's signature line, the plea agreement confirms Mr. Lui's understanding: "I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement."[5]

At the guilty plea colloquy, Judge Dalzell reviewed the appellate waiver with Mr. Lui at length. Judge Dalzell explained the plea agreement limited Mr. Lui's right to appeal to four unique situations: (1) the Government appealed the sentence; (2) Judge Dalzell sentenced Mr. Lui to more than the statutory maximum penalty; (3) Judge Dalzell erroneously departed upward pursuant to the Sentencing Guidelines; or (4) Judge Dalzell imposed an unreasonable sentence above the final Sentencing Guideline range determined by the court.[6] Judge Dalzell further explained, "I have now basically closed the book on your routes to the Court of Appeals under paragraph 9. Understand?"[7] Mr. Lui confirmed he understood.[8] Judge Dalzell then asked Mr. Lui a series of questions to ascertain whether Mr. Lui's guilty plea was knowing and voluntary, and satisfied with Mr. Lui's answers, he accepted the plea.[9]

At the time of his sentencing, Mr. Lui had four previous drug-related convictions – two of which were federal – involving cocaine and marijuana.[10] His criminal history includes other violations of supervised release terms.[11] Judge Dalzell sentenced Mr. Lui to 120 months of imprisonment and six years of supervised release.[12] Mr. Lui's prison sentence ended on August

13, 2016. Mr. Lui has now served fifty-two months, or approximately seventy-two percent, of his supervised release term set to end on August 13, 2022. Mr. Lui will begin the final year of his supervised release term on August 13, 2021, approximately seven months from now.

Mr. Lui now lives with his wife and seventeen-month-old son in their Pennsylvania home.[13] Mr. Lui maintains gainful employment as a cell phone store manager at two different stores.[14] He further represents he completed a drug treatment program and maintained his sobriety since his most recent incarceration.[15] He states he is now a law-abiding citizen who has no interest in participating in unlawful activity.[16] He also states he is a low-risk offender and only required to report to his probation officer once a month by online reporting.[17]

**II.    Analysis**

Mr. Lui moves for early termination of his six-year-term of supervised release under 18 U.S.C. § 3583(e)(1), arguing his positive post-incarceration conduct warrants this relief. The United States opposes Mr. Lui's motion, arguing Mr. Lui is barred from seeking this relief under the terms of his plea agreement.[18] Even assuming Mr. Lui may move for relief, the United States argues Mr. Lui fails to demonstrate early termination is warranted.[19] The Probation Office also opposes early termination, arguing Mr. Lui has not shown anything above and beyond compliance with his mandatory supervised release conditions. While we recognize and applaud Mr. Lui's rehabilitation and compliance with his supervised release conditions, we agree with the United States the appellate waiver bars his petition, and even if it does not, Mr. Lui fails to demonstrate circumstances warranting the relief he seeks.

    **A.    Mr. Lui waived his right to seek early termination of his supervised release term.**

Our Court of Appeals directs us to enforce an appellate waiver in a plea agreement "only 'if we conclude (1) that the issues [a defendant] pursues on appeal fall within the scope of his

appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.'"[20] We find Mr. Lui's petition falls within the scope of his knowing and voluntary waiver, and we further find enforcing the waiver would not result in a miscarriage of justice.

Mr. Lui's petition falls within the scope of his appellate waiver. In *United States v. Oyerinde*, our Court of Appeals held a petitioner waived his right to move for early termination of supervised release by entering into a plea agreement including an appellate waiver identical to Mr. Lui's.[21] In affirming Judge Pappert's denial of the motion, our Court of Appeals expressly rejected petitioner's argument his motion did not constitute an appeal or collateral attack of his sentence and instead relied on new, post-judgment facts.[22] Our Court of Appeals found the motion fell within the scope of the appellate waiver because "[a]t its core, [d]efendant's motion for early termination of supervised release challenged his original sentence by seeking to shorten the term of his supervised release."[23] Consistent with our Court of Appeals' decision in *Oyerinde*, we find the identical appellate waiver provision in Mr. Lui's plea agreement bars his petition.[24]

We also find Mr. Lui knowingly and voluntarily agreed to the appellate waiver and the plea agreement as a whole. Judge Dalzell reviewed the appellate waiver terms with Mr. Lui at length during the plea colloquy. Judge Dalzell outlined in detail each of the limited situations from which Mr. Lui would be able to appeal his sentence according to the appellate waiver, even explaining the waiver "basically closed the books" on Mr. Lui's right to appeal his sentence. Mr. Lui confirmed his understanding of these terms. Judge Dalzell also asked Mr. Lui several questions to assess whether he knowingly and voluntarily entered into the plea agreement and only accepted the plea after Mr. Lui answered these questions to Judge Dalzell's satisfaction. Mr. Lui does not

provide us a basis to question the voluntariness of his plea and we do not find any from our review of the record.

Enforcing the appellate waiver also does not work a miscarriage of justice. Our Court of Appeals directs us to consider several factors in determining whether enforcing a waiver would work a miscarriage of justice, including: "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."[25] We are to apply this exception "sparingly and without undue generosity."[26]

Mr. Lui does not claim error in Judge Dalzell's sentence, nor does he claim a change in the applicable sentencing guidelines or statutes or a newly discovered fact. Mr. Lui also fails to demonstrate how the terms of his supervised release negatively interfere with his everyday life, nor does he demonstrate a change of circumstances rendering the conditions of his supervised release unduly restrictive or burdensome. Judge Dalzell sentenced Mr. Lui to ten years of imprisonment and six years of supervised release after carefully considering Mr. Lui's significant criminal history consisting of multiple supervised release violations, as well as the seriousness of his offenses. We have no basis to find enforcing this sentence to be a miscarriage of justice.

**B.      Even if the appellate waiver did not bar Mr. Lui's petition, he fails to demonstrate circumstances warranting early termination of his supervised release term.**

Even assuming Mr. Lui did not waive his right to seek relief under 18 U.S.C. § 3583(e)(1), he fails to demonstrate particularized circumstances warranting early termination of his term of supervised release. Early termination is inconsistent with the sentencing factors.

In evaluating motions for early termination of supervised release, we must consider the section 3553(a) sentencing factors, though we are not required to make specific findings of fact as to each of these factors.[27] After consideration of these factors, we may only grant early termination if we find such action is "warranted by the conduct of the defendant released and the interest[s] of justice."[28] In determining whether relief is warranted, we "enjoy[] discretion to consider a wide range of circumstances."[29] Our Court of Appeals recently held we "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release" before granting such a motion, but later clarified "generally, early termination of supervised release under 18 U.S.C. § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it."[30]

While we commend Mr. Lui's steps towards rehabilitation during supervised release, including his avoidance of criminal conduct, maintenance of gainful employment, and completion of drug treatment, we find it is insufficient to warrant early termination of his term. As Judge Pratter recently explained, "basic compliance with the terms of supervised release generally is not enough to warrant termination of supervised release. It is the expectation. Indeed, if the fact of a period of compliance is enough to terminate supervised release, the exception would swallow the rule."[31] Mr. Lui also does not demonstrate particularized obstacles or hardships created by the conditions of his supervised release.[32] Courts routinely decline to terminate supervised release early where the petitioner shows nothing more than compliance with mandatory requirements.[33] We must do the same here.

Even if Mr. Lui demonstrated particularized reasons for his early release, we find the six-year-term of supervised release ordered by Judge Dalzell is consistent with the sentencing goals governed by section 3553(a). This significant term reflects the seriousness of Mr. Lui's offenses,

6

especially considering Mr. Lui committed the offenses while on supervised release for another crime. The term of six years is also consistent with the need to promote respect for the law, afford adequate deterrence, and protect the public, as this offense represents Mr. Lui's fifth drug trafficking conviction in a relatively short amount of time.

### III. Conclusion

We appreciate Mr. Lui's good behavior and compliance with his supervised release conditions but must deny his motion because he voluntarily waived his right to seek early termination of supervised release. While we deny Mr. Lui's motion today, we note the Probation Office – consistent with its normal practice in this District – will evaluate Mr. Lui's case for early termination eligibility when Mr. Lui begins the final year of his supervised release term in seven months.

---

[1] Dec. 29, 2010 Presentence Investigation Report ["PSR"], ¶¶ 10-14.

[2] *Id.* ¶¶ 15-17.

[3] ECF Doc. No. 7 ¶ 1.

[4] *Id.* ¶ 9.

[5] *Id.* at Attachment A, ¶ 6.

[6] ECF Doc. No. 26 at 29-31.

[7] *Id.* at 31.

[8] *Id.*

[9] *Id.* at 37-41.

[10] PSR ¶¶ 36-47.

[11] *Id.* ¶¶ 43-47.

---

[12] ECF Doc. No. 15.

[13] ECF Doc. No. 23 at 4.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] ECF Doc. No. 29 at 3-10.

[19] *Id.* at 10-13.

[20] *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008).

[21] 784 F. App'x 111, 113 (3d Cir. 2019). The appellate waiver provision read "the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law." *Id.* at 111.

[22] *Id.* The fact the United States did not originally raise the appellate waiver issue in *Oyerinde* does not change our analysis because the Court of Appeals seemed to acknowledge the United States could have raised the appellate waiver and prevailed in the District Court. *See id.* at 113 n.12 ("The Government's decision not to invoke the waiver before the District Court could be explained by a view that the Government decided that the best way to proceed before the District Court was to address the merits. This, however, should not preclude them from relying on the appellate waiver to bar further review.").

[23] *Id.* at 113.

[24] We are also mindful of the *Crews* decision in this District from last November finding the appellate waiver identical to the provision at issue here and in *Oyerinde* "does not constitute an appeal or collateral attack of [the petitioner's] sentence, which would be covered by the appellate waiver and, accordingly, we conclude that [the petitioner] did not waive his right to bring the instant Motion in his Guilty Plea agreement." *United States v. Crews*, No. 10-663-5, 2020 WL 6581430 (E.D. Pa. Nov. 10, 2020). In reaching this conclusion, our colleague distinguished our Court of Appeals' opinions in *United States v. Goodson*, 544 F.3d, 529 (3d Cir. 2008) and *United States v. Laine*, 404 F. App'x 571 (3d Cir. 2010), but did not address the Court's 2019 decision in *Oyerinde*. In light of *Oyerinde*, we respectfully disagree with the holding in *Crews* as the nature of a motion to terminate supervised release is an attempt to change or alter a sentence. Mr. Lui is asking us to change his sentence. He waived this right absent the United States' consent.

---

[25] *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)).

[26] *Id.* (quoting *Teeter*, 257 F.3d at 26).

[27] 18 U.S.C. § 3583(e)(1); *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). These factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[28] 18 U.S.C. § 3583(e)(1).

[29] *Melvin*, 978 F.3d at 52 (citations and quotations omitted).

[30] *Id.* at 53 (citations and quotations omitted).

[31] *United States v. Damiano*, No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa. Dec. 10, 2020).

[32] *See Crews*, 2020 WL 6581430, at *3 (granting motion for early termination of supervised release where the conditions of supervised release interfered with petitioner's job as a truck driver).

[33] *See, e.g., Damiano*, 2020 WL 7263183 at *2-3; *United States v. Diehl*, No. 08-15, 2020 WL 7074686, at *2 (W.D. Pa. Dec. 3, 2020); *United States v. Szymanski*, No. 12-247, 2020 WL 6515958, at *4 (W.D. Pa. Nov. 5, 2020).